IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CINSEREE JOHNSON, | : | |
| Plaintiff | : | Civil Action 2:09-cv-610 |
| v. | : | Judge Smith |
| LARRY WINES, *et al.*, | : | Magistrate Judge Abel |
| Defendant | : | |

**OPINION AND ORDER**

Plaintiff Cinseree Johnson brings this action alleging that Defendants deprived her of constitutional rights during a state court proceeding that led to her being declared a vexatious litigator. This matter is before the Court pursuant to Plaintiff's Motion for Reconsideration (Doc. 6).

Plaintiff filed this action *in forma pauperis* on July 14, 2009, against Ann Trout ("Trout"), the Clerk of Courts of Athens County, Ohio, the Honorable Michael Ward ("Judge Ward"), judge of the Court of Common Pleas of Athens County, Ohio ("the common pleas court"), and Larry Wines ("Wines"), whom she avers is an attorney who does or did practice law before that court. The Complaint alleges that that on or about August 1, 2008, Wines moved the common pleas court to declare Plaintiff a vexatious litigator. On or about September 17, 2008, Judge Ward apparently granted the request, declaring Plaintiff a vexatious litigator "without

1

benefit of hearing, trial or pre trial and lack of jurisdiction." Furthermore, on or about October 1, 2008, Trout allegedly failed to notify Plaintiff of an order of the common pleas court granting her leave to appeal the vexatious litigator determination.

The Complaint specifically alleges that Wines sought to have Johnson declared a vexatious litigator "with malice and intent to harm plaintiff," though she states that Wines did so "on behalf of his clients." She states that Judge Ward entered a ruling "without regard to due process," and that Trout's failure to notify Plaintiff of her leave to appeal was intentional. All these actions or omissions, Plaintiff claims, were committed because she is a black female.[1]

On July 27, 2009, the Magistrate Judge performed an initial screening of the complaint pursuant to 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief (Doc. 2). He found that Plaintiff's complaint was a collateral attack upon a state court judgment,

---

[1] Plaintiff identifies her specific theories of recovery at Doc. 1-3 pp. 2-3. She purports to bring claims for abuse of process, fraud, and "racism". However, she does not plead the elements of the torts of abuse of process or fraud. *See, e.g., Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 298 (1994) (abuse of process); *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55 (1987) (fraud). Moreover, there is no cause of action for "racism" recognized in Ohio common law, and Plaintiff does not cite any federal or state statutory basis for her claim. Plaintiff in all other respects appears to be bringing an action under 28 U.S.C. §1983.

2

and issued a report and recommendation that this matter be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998); *see generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Dist. of Columbia Ct. Of App. v. Feldman*, 460 U.S. 462 (1983). Plaintiff has filed objections to the Report and Recommendation, arguing that her action is a claim that the defendants in the course of the vexatious litigator case deprived her of her constitutional right to due process, not a challenge to the judgment of the state court.

The purpose of performing an initial screening of an *in forma pauperis* complaint is to determine whether the complaint raises a claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A federal court is empowered to dismiss any *in forma pauperis* action which fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii). The Court, in reviewing Plaintiff's complaint for this purpose, will assume the truth of her allegations and construe them liberally in her favor. *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000).

In her objections, Plaintiff states that she is not attacking the state court judgment, but rather the actions of the defendants in the state court process. However, all the claims Plaintiff seeks to raise here could have been raised in an appeal of the trial court's judgment. Further, a favorable decision here would necessarily invalidate that judgment. As the Sixth Circuit Court of Appeals explained in *Johnson v. Ohio Supreme Court*, 156 Fed.Appx. 779 (6th Cir. 2005), the

*Rooker-Feldman* doctrine prevents a federal district court from hearing such cases:

> In addition to divesting federal district courts of jurisdiction over appeals from state court judgments, the *Rooker-Feldman* doctrine also deprives federal district courts of jurisdiction over federal claims that are "inextricably intertwined" with state court judgments. *Feldman*, 460 U.S. at 486-87. The inextricably intertwined facet of the *Rooker-Feldman* doctrine can deprive a federal district court of jurisdiction over a federal claim that has not even been litigated in state court "if the federal claim succeeds only to the extend that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J. concurring). As a result, "a district court [cannot] entertain constitutional claims attacking a state court judgment" if "the constitutional attack [is] 'inextricably intertwined' with the state court's judgment." *Exxon Mobil*, 125 S.Ct. At 1523 n.1.

*Johnson*, 156 Fed.Appx. At 781-782 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517 (2005). Despite Plaintiff's argument that her claim here has an independent basis in deprivation of due process, she necessarily must allege that it was wrong for the common pleas court to have declared her a vexatious litigator. Hearing her claims that Defendants acted improperly to have brought, heard, or participated in the state court action would require the Court to address issues inextricably intertwined with those already adjudicated in state court. The *Rooker-Feldman* doctrine therefore deprives the Court of jurisdiction to hear them.

However, even if the Court were to address Plaintiff's claims on the merits, they must fail as a matter of law. "To state a claim under 42 U.S.C. §1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States or (2) caused by a person acting under the color of state law." *Marvin v. City of Taylor*,

4

509 F.3d 234, 243 (6th Cir. 2007). Plaintiff alleges that all parties were acting under color of law, but states with respect to Defendant Larry Wines simply that he was an attorney bringing a claim on behalf of private parties (whom she names). As Wines is a private citizen, and there is no basis in Plaintiff's complaint to conclude that he was acting under color of law, her allegations that he has violated 42 U.S.C. §1983 have no arguable basis in law and fail to state a claim under that statute. *Waters v. City of Morristown, Tenn.*, 242 F.3d 353, 359 (6th Cir. 2001).

Plaintiff's claims against Trout and Judge Ward likewise fail as a matter of law. "For centuries, the cloak of absolute judicial immunity has shielded judges from claims pertaining to actions they have taken in discharging their official duties." *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). Absolute immunity protects judges and other judicial employees when they engage in "paradigmatic judicial acts, or acts of actual adjudication, *i.e.*, acts involved in resolving disputes between parties who have invoked the jurisdiction of the court." *Barrett*, 130 F.3d at 254. Absolute immunity will protect judges unless they engage in non-judicial acts or act in the clear absence of all jurisdiction.[2] *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Plaintiff alleges that Judge Ward adjudged her a vexatious litigator because of her

---

[2] Plaintiff alleges that Judge Ward had "lack of jurisdiction" when he declared her a vexatious litigator. However, it is not clear how this could be true. Plaintiff indicates in the caption of her complaint that she is a resident of Athens County, and Ohio's vexatious litigator statute maintains at O.R.C. §2323.52(C) that a vexatious litigator action proceeds the same as any other civil action in the Ohio courts.

5

race. Therefore, her claims concern his judicial decision. Absolute judicial immunity must bar her claim against him. *Barrett*, 130 F.3d 254-55. Likewise, judicial immunity extends to Trout, because it covers non-judicial officers who perform "quasi-judicial" duties. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Quasi-judicial duties are those of persons performing tasks so integral to the judicial process that they are considered to be simply an arm of the immune judicial officer. *Johns v. Bonnyman*, 109 Fed.Appx. 19, 21 (6th Cir. 2004). A clerk of courts qualifies as such a person. *Id.* at 21-22.

Since all defendants are immune either as private actors or judicial employees from Plaintiff's claim for deprivation of constitutional rights, Plaintiff's complaint fails to state a claim upon which the court can grant relief. Dismissal of this action is therefore appropriate under 28 U.S.C. §1915(e)(2). The Report and Recommendation of the Magistrate Judge (Doc. 2) is **ADOPTED**. This case is accordingly **DISMISSED**.

s/George C. Smith  
United States District Judge